## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DEAN L. HESS,                        :        NO. 1:25-CV-00559
　　　　　　　　Plaintiff,         :
　　　　　　　　　　　　　　　　　:
　　　　v.                              :
　　　　　　　　　　　　　　　　　:        (CAMONI, M.J.)
FRANK BISIGNANO,             :
*Commissioner of Social Security,*   :
　　　　　　　　Defendant.         :

## MEMORANDUM OPINION

Plaintiff Dean Hess brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under Title II of the Social Security Act. Doc. 9-3 at 20. He challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment, asserting that the ALJ failed to consider Hess's subjective complaints. Pl.'s Br., doc. 10 at 2. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I.　BACKGROUND

On June 22, 2022, Hess applied for disability insurance benefits under Title II of the Social Security Act, alleging disability as of May 5,

2022.[1] Transcript, doc. 9-3 at 20. Following an initial denial, Hess submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 9-4 at 18. The ALJ conducted the hearing and determined that Hess is not disabled. Doc. 9-2 at 18, 34.

Hess filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Hess's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is briefed (docs. 10, 11) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

## A.    The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

---

[1] Hess, through his attorney, amended the alleged onset date of disability from January 5, 2021 to May 5, 2022. *See* doc. 9-2 at 40-41.

1.     has engaged in substantial gainful activity since the onset of the alleged disability;

2.     had a severe medically determinable impairment;

3.     suffered from an impairment listed in the regulations as presumptively disabling;

4.     could return to his past work; and

5.     could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v). Between steps three and four, the ALJ also determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1).

## B.   Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Hess "has not been under a disability" from "May 5, 2022, through the date of this decision," concluding at step four that Hess can perform past relevant work. Doc. 9-2 at 26-27. Relevant to Hess's appeal, the ALJ found, at step two, that he suffers from: major depressive disorder, and anxiety. *Id.* at 21. The ALJ then found, at the RFC stage, that Hess has the residual functional capacity:

[T]o perform a full range of work at all exertional levels but with the following non-exertional limitations: he is limited to simple and routine tasks but not at a production rate pace such as assembly line work. He is limited to frequent interaction with supervisors and the public.

*Id.* at 23.

Hess argues two issues on appeal[2]: (1) the ALJ failed to properly evaluate Hess's medical records; and (2) the ALJ failed to consider Hess's subjective complaints. Doc. 10 at 3, 7. Because no medical opinion has opined on any functional limitation greater than those that the ALJ found, and the ALJ's assessment of Hess's self-reported limitations are supported by objective medical evidence, the Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

---

[2] Hess also raises a third issue in passing, stating that he "disagrees" with the ALJ's determination at step three that he does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Doc. 10 at 5. Hess raises this issue, but then never mentions it again. He fails to explain to the Court how the ALJ erred in so finding and fails to identify a listed impairment supported by the evidence. As Hess has provided no argument in support of this asserted error, the Court need not consider it further.

## II.   **LEGAL STANDARD**

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Hess is disabled, but whether the Commissioner's finding that Hess is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been

held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  **DISCUSSION**

The Court finds that the ALJ fully considered the medical evidence as a whole and adequately assessed Hess's subjective complaints.

First, the ALJ considered Dr. Singh's mental status exam findings from 2022 to 2023. *See* doc. 9-2 at 25. Although Dr. Singh's findings demonstrated periods of increased depression, Hess adjusted well to medication and showed improvement in symptoms. *Id.* The ALJ found

that Hess consistently presented with good mood, appetite, and sleep. *Id.* Further, Hess was noted to be pleasant and cooperative, and has relevant and coherent thoughts. *Id.* Thus, the ALJ reasoned that while Hess has some limitations from his medical impairments, Hess can perform work on a sustained and continuous basis. *Id.* at 26. Although "the Plaintiff disagrees with the Administrative Law Judge's findings," (doc. 10 at 5), and points the Court to consider further Hess's personal and clinical history and diagnosis from Hess's hospitalization in 2024, the Court is "not empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970, F.2d at 1182.

Second, the ALJ properly assessed Hess's subjective complaints. The ALJ began the RFC assessment by outlining all of Hess's subjective complaints, including his paranoia, panic attacks, and thoughts of self-harm. Doc. 9-2 at 24. The ALJ, however, found that the objective medical evidence did not support Hess's asserted limitations. *See id.* at 25. "Allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel,* 181 F.3d 358, 362 (3d Cir. 1999), citing 20 C.F.R. § 404.1529. Given the ALJ's complete review of Hess's mental status examination findings and

activities of daily living, and two agency psychological consultant's medical opinion that noted only moderate limitations (doc. 9-2 at 25-26), the ALJ's consideration of Hess's subjective complaints was supported by substantial evidence. *See Davis v. Comm'r of Soc. Sec.*, 240 F. App'x 957, 960-61 (3d Cir. 2007) (finding that substantial evidence supports the ALJ's RFC determination because a plaintiff's limitation was not consistent with the medical evidence); *Weidman v. Colvin,* 164 F. Supp. 3d 650, 657 (M.D. Pa. 2015) (concluding that the ALJ properly assessed a plaintiff's self-reported symptoms as not entirely credible or consistent with the medical evidence and activities of daily living).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV.   <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will **AFFIRMED**.

An appropriate order follows.

Date: May 27, 2026                         <u>s/*Sean A. Camoni*</u>
                                           Sean A. Camoni
                                           United States Magistrate Judge